**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT COLLINS,

      Plaintiff-Appellant,

v.

RAYTHEON AIRCRAFT
COMPANY,

      Defendant-Appellee.

No. 03-3044
(D.C. No. 01-CV-1415-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BARRETT** , Senior Circuit Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Collins appeals the district court's dismissal of his complaint against Raytheon Aircraft Company alleging discrimination under the Americans with Disabilities Act (ADA) based on Raytheon's rescission of its conditional offer of employment. In granting Raytheon's motion for summary judgment, the district court held that: (1) Collins failed to establish a prima facie case under the ADA because he could not show either that he was regarded as disabled or had a record of a disability; (2) Collins was not a qualified individual with a disability because he did not establish that he could have performed the essential functions of his job with or without reasonable accommodation; (3) Raytheon was entitled to the affirmative defense set forth in 42 U.S.C. § 12112(b)(6) since its actions reflect setting a standard designed to avoid a direct threat to employee health or safety; (4) there was no basis for the argument that it would have been a futile gesture for Collins to have applied for other positions at Raytheon. We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

On appeal, Collins argues that the district court erred in granting summary judgment because he placed sufficient evidence before the court to create a question of fact for the jury to decide if he was regarded as disabled, had

-2-

a record of a disability, was a threat to himself, and was a qualified individual with a disability. Collins contends also that he was entitled to assert the futile gesture doctrine. After careful review of the record on appeal and the applicable legal standards, we conclude that the district court correctly decided this case. Therefore, we AFFIRM the district court's judgment for the reasons stated in its Memorandum and Order dated January 16, 2003.

                                                Entered for the Court

                                                Wade Brorby
                                                Senior Circuit Judge